IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:14-CV-186-BO

HANA NOOR AL-DEEN,
Plaintiff,

v.

The Trustees of the University of North Carolina Wilmington – DENNIS P. BRUGRARD, WILMA W. DANIELS, MICHAEL R. DRUMMOND, H. CARLTON FISHER, GIDGET KIDD, HENRY L. KITCHIN, JR., C. PHILIP MARION, JR., RONALD B. MCNEILL, WENDY F. MURPHY, BRITT A. PREYER, MICHAEL B. SHIVAR, MAURICE R. SMITH, all in their official capacities; WILLIAM A. SEDERBURG, in his official capacity as Interim Chancellor of the University of North Carolina Wilmington; DENISE A. BATTLES, individually and in her official capacity as Provost and Vice Chancellor of Academic Affairs at the University of North Carolina Wilmington; STEPHEN L. MCFARLAND, individually and in his official capacity as Vice Provost and Senior Associate Vice Chancellor for Academic Affairs at the University of North Carolina Wilmington; RICHARD K. OLSEN, individually and in his official capacity as Chair of the Department of Communication Studies at the University of North Carolina Wilmington,
Defendants.

**ORDER**

This cause comes before the Court on defendants' motion to dismiss plaintiff's amended complaint in its entirety. Plaintiff has responded, defendants' have replied, and the matter is ripe for ruling. For the reasons discussed below, defendants' motion to dismiss is granted in part and denied in part.

## BACKGROUND

Plaintiff filed this action on September 3, 2014, alleging claims for violation of her due process and equal protection rights under the Fourteenth Amendment to the United States Constitution and defamation and civil conspiracy under North Carolina law. [DE 1]. On November 26, 2014, plaintiff amended her complaint as of right, adding a religion and national origin discrimination claim under Title VII of the Civil Rights Act of 1964, an Age Discrimination in Employment Act claim, and a civil fraud claim. [DE 26].

Plaintiff is a full tenured professor in the Department of Communication Studies at the University of North Carolina Wilmington (UNCW). Plaintiff has two Master's degrees and a Ph.D. in communications, and has expertise in the fields of digital multimedia, 3D animation, advertising, and social media. Plaintiff has taught at UNCW since 1985 and has passed twenty-eight annual reviews and three post-tenure reviews, in addition to several Southern Association of Colleges and School Commission on Colleges (SACSCC) reviews.

Plaintiff alleges that in the fall of 2012, her department chair, defendant Olsen, began a systematic character assassination of plaintiff in an attempt to force her out of the University. Plaintiff alleges that Olsen knowingly and maliciously provided false and defamatory information about her professional credentials to SACSCC during its ten-year review of UNCW. Specifically in regard to her claims relating to the SACSCC review, plaintiff relies on the following statements by Olsen to SACSCC: "that while documentation was not able to be produced, falsifying a CV would be a very significant breach and I don't think any [sic] suspects that is a concern here . . ."; "[i]n recognition of the concerns expressed by the off-site and on-site committees, Dr. Noor Al-Deen will not teach COM 286, 288 295 . . ., and 438 in the 2013-14 academic year,"; and that certain of plaintiff's courses "will not be offered again until UNCW is

able to recruit a faculty member with the proper credentials." Amd. Cmp. Ex. C; E. Plaintiff alleges that the University and defendants failed to stand by her once notified of Olsen's actions, and that Olsen and defendant McFarland continued to provide false information about plaintiff to SACSCC. As a consequence of Olsen and McFarland's actions and the SACSCC review, plaintiff alleges that she is the only tenured faculty member to have been stripped of her academic credentials in her two main areas of specialization; the University has declared plaintiff unqualified to teach these subjects and cancelled plaintiff's teaching schedules for fall 2013 and spring 2014 in light of its determination.

Defendants seek to dismiss plaintiff's complaint for lack of subject matter jurisdiction, lack of personal jurisdiction, and failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(1);(2);(6). Defendants further seek dismissal on the basis of sovereign immunity, qualified immunity, and Eleventh Amendment immunity.

## DISCUSSION

### I. LEGAL STANDARDS

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a claim for lack of subject matter jurisdiction. When subject matter jurisdiction is challenged, the plaintiff has the burden of proving jurisdiction to survive the motion. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647-50 (4th Cir. 1999). "In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R.R Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). To this end, "the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists." *Id.* (citing *Trentacosta v. Frontier Pacific Aircraft Indus.*,

813 F.2d 1553, 1558-59 (9th Cir. 1987)). The movant's motion to dismiss should be granted if the material jurisdictional facts are not in dispute and the movant is entitled to prevail as a matter of law. *Id.*

Rule 12(b)(2) of the Federal Rules of Civil Procedure authorizes dismissal for lack of personal jurisdiction. When personal jurisdiction has been challenged on the papers alone, the plaintiff must make a prima facie case showing that personal jurisdiction exists, and a court construes all facts and inference in favor of finding jurisdiction. *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989).

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Papasan v. Allain*, 478 U.S. 265, 283 (1986). When acting on a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Facial plausibility means that the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"; mere recitals of the elements of a cause of action supported by conclusory statements do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the factual allegations do not nudge the plaintiff's claims "across the line from conceivable to plausible," the "complaint must be dismissed." *Twombly*, 550 U.S. at 570.

II. PLAINTIFF'S CLAIMS

A. *§ 1983 Due Process and Equal Protection*

Plaintiff first claims that all defendants violated her Fourteenth Amendment rights to due process[1] and equal protection of the laws. Plaintiff brings these claim under 42 U.S.C. § 1983. Plaintiff seeks monetary damages and declaratory relief.

(1). *Eleventh Amendment Immunity*

"The Eleventh Amendment bars suit against non-consenting states by private individuals in federal court." *Bd. of Trustees of the Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001). This guarantee applies not only to suits against the State itself but also to suits where "one of [the State's] agencies or departments is named as the defendant." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). The Trustees of UNCW are in this instance alter egos of the State and are protected by Eleventh Amendment immunity. *Huang v. Bd. of Governors of Univ. of N. Carolina*, 902 F.2d 1134, 1138 (4th Cir. 1990). State officials sued in their official capacity for damages are also protected by Eleventh Amendment immunity. *Ballenger v. Owens*, 352 F.3d 842, 845 (4th Cir. 2003). Accordingly, plaintiff's due process and equal protection claims against the Trustees and any claim for § 1983 damages against defendants Battles, McFarland, and Olsen in their official capacities are dismissed.

The doctrine of *Ex Parte Young*, 209 U.S. 123, 159-60 (1908), provides an exception to Eleventh Amendment immunity where suit is brought against state officials in their official capacities and "(1) the violation for which relief is sought is an ongoing one, and (2) the relief sought is only prospective." *Republic of Paraguay v. Allen*, 134 F.3d 622, 627 (4th Cir.1998). However, "the exception does not permit federal courts to entertain claims seeking retrospective

[1] Plaintiff has clarified in her response to the motion to dismiss that she brings only a procedural, not substantive, due process claim.

relief, either compensatory or other, for completed, not presently ongoing violations of federally-protected rights." *Id.*

Plaintiff seeks declaratory relief in her amended complaint, which may be properly characterized as prospective relief, but not where, as here, the plaintiff seeks declarations related to only past conduct. *Green v. Mansour*, 474 U.S. 64, 67-68, 71 (1985). Thus, the doctrine of *Ex parte Young* is inapplicable and plaintiff's § 1983 declaratory judgment claims against the individual defendants in their official capacities are barred.

(2). *Individual Capacity and Failure to State a Claim*

(i). *Procedural Due Process*

A procedural due process right is implicated "when governmental action threatens a person's liberty interest in his reputation and choice of occupation." *Ridpath v. Bd. of Governors Marshall Univ.*, 447 F.3d 292, 307 (4th Cir. 2006) (citing *Bd. of Regents v. Roth*, 408 U.S. 564, 573 & n.12 (1972)). "To state this type of liberty interest claim under the Due Process Clause, a plaintiff must allege that the charges against him: (1) placed a stigma on his reputation; (2) were made public by the employer; (3) were made in conjunction with his termination or demotion; and (4) were false." *Sciolino v. City of Newport News, Va.*, 480 F.3d 642, 646 (4th Cir. 2007).

Plaintiff alleges that communications by defendants to the SACSCC implied the existence of a serious defect such as dishonesty or immorality. However, "in order to deprive an employee of a liberty interest, a public employer's stigmatizing remarks must be made in the course of a discharge or significant demotion." *Ridpath v.* 447 F.3d at 309 (4th Cir. 2006) (internal quotation and citation omitted). A significant demotion may occur when an employee is reassigned to a position outside of his or her field of choice. *Id.* Plaintiff has not alleged that she was discharged or significantly demoted. Plaintiff alleges that she was foreclosed from

teaching in her fields of expertise as a consequence of defendants' actions, but she has not alleged that she was reassigned or otherwise foreclosed from teaching in her field of choice, the study of communications.

Plaintiff further alleges that defendants have foreclosed her current ability to teach in her fields of expertise and foreclosed her freedom to take advantage of other employment opportunities. Plaintiff has not alleged that she has sought and been denied any other employment opportunities, and the Court unaware of any case in which denying a faculty member from teaching a specific course has been found to rise to the level of a due process violation. *See e.g. Cussler v. Univ. of Maryland*, 430 F. Supp. 602, 608 (D. Md. 1977) (in context of Title VII claim, "[n]o faculty member has a vested right in any course or committee assignment."). Moreover, this Court is well-aware that "the [Supreme] Court has repeatedly admonished judges to be wary of turning the Due Process Clause into 'a font of tort law' by permitting plaintiffs to constitutionalize state tort claims through artful pleading." *Shirvinski v. U.S. Coast Guard*, 673 F.3d 308, 314 (4th Cir. 2012). Though plaintiff has alleged that she suffered numerous repercussions from defendants' allegedly stigmatizing remarks about her, she simply has not sufficiently alleged that her "reputational injury was accompanied by a state action that 'distinctly altered or extinguished' [her] legal status." *Id.* at 315.

For these reasons, plaintiff has failed to sufficiently allege a violation of her Fourteenth Amendment right to due process of law. Thus, she has failed to state a claim upon which relief can be granted and her Due Process Clause claim against the individual defendants in their individual capacities is dismissed.

(ii). *Equal Protection*

Plaintiff has likewise failed to state a claim upon which relief can be granted as to her equal protection claim. The Equal Protection Clause of the Fourteenth Amendment prohibits states from denying any person equal protection of the laws. U.S. const. amend. XIV § 1. "To succeed on an equal protection claim, a plaintiff must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." *Williams v. Hansen*, 326 F.3d 569, 576 (4th Cir. 2003) (internal quotation and citation omitted). If a plaintiff has made this showing, a court considers whether the "disparity in treatment can be justified under the requisite level of scrutiny." *Id.*

Having reviewed plaintiff's allegations, the Court concludes that her equal protection allegations are conclusory and do not raise a plausible claim for relief. Plaintiff alleges that Olsen denied plaintiff opportunities that were provided regularly to other professors, but she fails to allege whether and how she was similarly situated to these other professors, what opportunities they were provided that she was denied, or how this treatment was the result of intentional discrimination. *See Iqbal*, 556 U.S. at 678 (mere recitals of the elements of a cause of action supported by conclusory statements do not suffice); *Nofsinger v. Virginia Commonwealth Univ.*, 523 F. App'x 204, 206 (4th Cir. 2013) (dismissal of equal protection claim appropriate where, though plaintiff has stated in her complaint that she was treated differently and animus was harbored against her, plaintiff had failed to specify how comparators were similarly situated and how any differential treatment was the result of discrimination). Based on the foregoing, the Court holds that plaintiff has failed to sufficiently allege a plausible equal protection claim and that this claim against the individual defendants in their individual capacities must be dismissed.

B. *Title VII & ADEA*

Plaintiff next claims that all defendants discriminated against her on the basis of her religion and national origin in violation of Title VII of the Civil Rights Act of 1964 and on the basis of her age in violation of the Age Discrimination in Employment Act (ADEA). In relation to both claims plaintiff further alleges that she was subjected to a hostile work environment and retaliation.

(1). *Title VII Religion and National Origin Discrimination*

In order to establish that she was the subject of discriminatory action in employment in violation of Title VII, a plaintiff must show that she suffered adverse employment action. 42 U.S.C. § 2000e-2(a)(2) (prohibiting employment actions which deprive an individual of employment opportunities or otherwise adversely affect employment status on the basis of race, color, religion, sex, or national origin). Plaintiff has not, however, alleged "discharge, demotion, decrease in pay or benefits, loss of job title or supervisory responsibility, or reduced opportunities for promotion-the typical requirements for a showing of an 'adverse employment action' that can support a Title VII claim." *Boone v. Goldin*, 178 F.3d 253, 255 (4th Cir. 1999).

Reassignment may in some circumstances constitute adverse employment action, but only where such reassignment has had a "significant detrimental effect." *Id.* Plaintiff has not alleged the she has been reassigned from her position as a tenured faculty member in the Department of Communication Studies. Perhaps more importantly, plaintiff has failed to allege that the reassignment of courses she taught has resulted in "any decrease in compensation, job title, level of responsibility, or opportunity for promotion." Thus she has failed to sufficiently allege a claim for religion or national origin discrimination in violation of Title VII.

(2). *Title VII Hostile Work Environment & Retaliation*

Plaintiff has plausibly stated that she was subjected to a hostile work environment and retaliation for engaging in a protected activity. A plaintiff states a hostile work environment claim by alleging that she experienced unwelcome harassment, that the harassment was based on her protected status, the harassment was sufficiently severe or pervasive to alter the conditions of employment and create an abusive atmosphere, and that there is some basis for imposing liability on the employer. *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003). Plaintiff has alleged that she was repeatedly targeted by Olsen for discriminatory treatment once he became Department Chair and that other department members have observed and commented on his discriminatory treatment of plaintiff. Plaintiff alleges that she has complained about her treatment to Human Resources and that Olsen has made statement reflecting negatively on the weight and effect of any concern expressed by human resources. Plaintiff further alleges that the discriminatory actions against her are based on her religion and/or national origin, that as a result of the discrimination her teaching duties have been altered, and that UNCW has been notified of plaintiff's treatment and has taken no action. Taking all of plaintiff's allegations as true, the Court holds that plaintiff's allegations have nudged her hostile work environment claim over the line from conceivable to plausible and are not subject to dismissal.

Plaintiff has further stated a claim for relief for retaliation for filing a charge of discrimination with the Equal Employment Opportunity Commission (EEOC). To establish a prima facie case of Title VII retaliation, a plaintiff must "show that (1) she engaged in protected activity; (2) her employer took an action against her that a reasonable employee would find materially adverse; and, (3) the employer took the materially adverse employment action because of the protected activity." *Holley v. N. Carolina Dep't of Admin., N.C.*, 846 F. Supp. 2d 416,

441-42 (E.D.N.C. 2012) (citing *Burlington N. & Santa Fe Ry. Co. v. White,* 548 U.S. 53, 67–70 (2006)). Plaintiff engaged in protected activity by filing a charge with the EEOC, and she alleges that shortly after filing the charge students were blocked from registering for her summer 2014 courses and that plaintiff was blocked from voting for colleagues being considered for reappointment, promotion, and tenure, which is one of her job responsibilities as a tenured professor. The Court finds that plaintiff's allegations, when taken as true, are sufficient to state a claim for retaliation.

Plaintiff's Title VII hostile work environment and retaliation claims may not proceed against any of the individual defendants in their individual capacities. *Lissau v. S. Food Serv., Inc.*, 159 F.3d 177, 181 (4th Cir. 1998). The Court reserves its ruling on whether there is sufficient evidence of supervisory control by Olsen and McFarland to maintain suit against them in their official capacities. *See Paroline v. Unisys Corp.*, 879 F.2d 100, 104 (4th Cir. 1989) *opinion vacated in part on reh'g*, 900 F.2d 27 (4th Cir. 1990).

(3). *ADEA*

The ADEA makes it unlawful for an employer to "discharge any individual . . . because of [that] individual's age." 29 U.S.C. § 623 (a)(1). To succeed on an ADEA claim, a plaintiff must show that age was the but-for cause of his employer's decision. *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 177 (2009).

Plaintiff's allegations fall short of stating a plausible claim for relief of age discrimination. First, as discussed above in relation to plaintiff's Title VII discrimination claim, plaintiff has failed to allege that she suffered adverse employment action. Second, plaintiff specifically mentions age as the basis of defendants' discrimination only twice in her amended complaint, stating that defendant Olsen has repeatedly targeted plaintiff for discriminatory based

in part on her nationality, religion, and/or age and that Olsen suggested that plaintiff teach a class on Communication and Aging. Plaintiff's conclusory allegations are simply insufficient to state a claim for age discrimination. Similarly, plaintiff's amended complaint fails to make any allegations that she was subjected to a hostile work environment or retaliation because of her age. Plaintiff's ADEA claim is dismissed against all defendants.

D. *State Law Claims & Failure to State a Claim*

Plaintiff has alleged three state law claims. Plaintiff abandons her civil conspiracy claim in her opposition to the motion to dismiss, [DE 24 at 24 n.10], and thus the Court considers only her defamation and fraud claims. Both claims are properly dismissed.

(1). *Defamation*

Plaintiff claims that the information provided by defendants Olsen and McFarland to the SACSCC was knowingly and patently false and thus constituted defamation *per se* or alternatively *per quod*. Plaintiff only opposes the motion to dismiss by arguing that she has stated a claim for defamation *per se*, so the Court presumes that plaintiff is not seeking to proceed on her alternative theory of defamation *per quod*.[2]

"In order to recover for defamation, a plaintiff must allege that the defendant caused injury to the plaintiff by making false, defamatory statements of or concerning the plaintiff, which were published to a third person." *Boyce & Isley, PLLC v. Cooper*, 153 N.C. App. 25, 29 (2003). In order to be considered libelous *per se*, the defamatory statements at issue "must be susceptible of but one meaning and of such nature that the court can presume as a matter of law that they tend to disgrace and degrade the party or hold him up to public hatred, contempt, or ridicule, or cause him to be shunned and avoided." *Flake v. Greensboro News Co.*, 212 N.C.

[2] Nor has plaintiff pleaded special damages, which would be required to sustain a claim for defamation *per quod*. *Renwick v. News & Observer Pub. Co.*, 310 N.C. 312, 317 (1984).

780, 195 S.E. 55, 60 (1938). The allegedly defamatory statements are the following: (1) "that while documentation was not able to be produced, falsifying a CV would be a very significant breach and I don't think any [sic] suspects that is a concern here . . .",[3] (2) that "[i]n recognition of the concerns expressed by the off-site and on-site committees, Dr. Noor Al-Deen will not teach COM 286, 288 295 . . ., and 438 in the 2013-14 academic year," and (3) that certain of plaintiff's courses "will not be offered again until UNCW is able to recruit a faculty member with the proper credentials." These statements simply fall woefully short of being susceptible of one meaning which could permit the Court to find *as a matter of law* that they would tend to disgrace or degrade plaintiff or cause her to be shunned or avoided. Plaintiff's defamation claim is dismissed.

(2). *Civil Fraud*

Plaintiff next claims that defendants Olsen and McFarland committed fraud by intentionally, knowingly, and maliciously providing false information to the SACSCC and then by falsely representing to plaintiff that they would provide the correct information in an attempt to fix their mistake. The essential elements of a claim for actual fraud under North Carolina law are "(1) [f]alse representation or concealment of a material fact, (2) reasonably calculated to deceive, (3) made with intent to deceive, (4) which does in fact deceive, (5) resulting in damage to the injured party." *Terry v. Terry*, 302 N.C. 77, 83 (1981) (citation omitted). A claim for actual fraud must be pleaded with particularity, meaning a plaintiff must allege the time, place, and contents of the representation, the identity of the person making such representation, and what was obtained as a result of the representations. *Hudgins v. Wagoner*, 204 N.C. App. 480, 487-87 (2010).

---

[3] There is no date on this statement, Am. Cmp. Ex. C., but if it was made prior to September 4, 2013, a claim for defamation in relation to it is barred by the statute of limitations. N.C. Gen.Stat. § 1-54(3).

Plaintiff's pleading fails to allege with the requisite specificity what was obtained as a result of defendants' allegedly fraudulent representations. Though she states that "University officials were much more concerned about having to admit such discrepancy to SACSCOC than they were about the reputation of one particular professor," the Court is unpersuaded that such a statement sufficiently demonstrates what, if anything, was obtained by defendants Olsen and McFarland by making the allegedly false representations or omissions. Moreover, the Court finds that plaintiff's request for damages related to the fraud is not pled with sufficient particularity. *See Frank M. McDermott, Ltd. v. Moretz*, 898 F.2d 418, 421 (4th Cir. 1990) ("a complaint claiming fraud is fatally defective unless it alleges detrimental reliance, and damages proximately flowing from such reliance, with particularity."); *Collier v. Bryant*, 216 N.C. App. 419, 431, 719 S.E.2d 70, 80 (2011) (plaintiff alleging actual fraud must plead actual damages, which are "the amount of loss caused by the difference between what was received and what was promised through a false representation."). Plaintiff's fraud claim is thus properly dismissed.

**CONCLUSION**

For the foregoing reasons, defendants' motion to dismiss [DE 27] is GRANTED IN PART and DENIED IN PART. Plaintiff's hostile work and environment and retaliation claims under Title VII may proceed at this time against all defendants in their official capacities. Plaintiff's remaining claims are DISMISSED.

SO ORDERED, this 6 day of April, 2015.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE